MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Estrella, III,<br>　　　　Plaintiff,<br>v.<br>Erick Selvius, et al.,<br>　　　　Defendants. | No.  CV-25-00420-PHX-JAT (CDB)<br><br>**ORDER** |

Self-represented Plaintiff Joseph R. Estrella, III, who is confined in a Maricopa County Jail, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will grant the Application to Proceed, order Defendants Selvius and McKnight to answer Count One of the Complaint, and dismiss without prejudice Defendant Current Police Chief and Counts Two and Three.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $21.01. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III. Complaint

In his three-count Complaint, Plaintiff alleges Eighth and Fourteenth Amendment claims for excessive force (Counts One and Two) and a Fourteenth Amendment claim for failure-to-train (Count Three). Plaintiff seeks monetary damages from City of Phoenix Sergeant/Detective Erick Selvius, Officer/Detective Mark McKnight, and the Current Police Chief.

In **Count One**, Plaintiff alleges he was subjected to excessive force, in violation of the Eighth Amendment, when Defendants Selvius and McKnight assaulted him. He claims Defendant Selvius pushed or shoved him forcefully with "aggression," causing Plaintiff to "fl[y] backward[]" five to ten feet and hit his back and head on the asphalt with "such force [he] blacked out." Plaintiff asserts that when he regained consciousness, Defendant Selvius was on Plaintiff's back and neck and was punching him rapidly in the face and was twisting his arms and "entire lower knees" backward. He contends Defendant McKnight punched him five times, rapidly, with "tactical gloves." Plaintiff alleges Defendants Selvius and McKnight did not announce they were police officers until after Plaintiff was subdued and handcuffed. Plaintiff contends he suffered a "contusion to back & front head," a torn rotator cuff, a back injury, a jaw injury, and a swollen jaw and black eye for a week.

In **Count Two**, Plaintiff raises a claim under the Fourteenth Amendment regarding the same event. He asserts that when he was subdued and not resisting, Defendant McKnight rapidly punched him five times in the face with a closed fist. Plaintiff contends Defendant McKnight also put "a knee to [Plaintiff's] right shoulder while yanking [Plaintiff's] right arm back." He alleges Defendant Selvius shoved him "so hard," even though Plaintiff "had [his] hand up," was "posing no threat," and was holding toiletries in both hands. Plaintiff contends Defendant Selvius pushed him "with such force" he flew backward five to ten feet, hit his back and head on the asphalt, and lost consciousness. He asserts that when he regained consciousness, Defendant McKnight was punching him in the face.

. . . .

In **Count Three**, Plaintiff raises a Fourteenth Amendment failure-to-train claim, asserting Defendant Current Police Chief is liable for hiring or failing to train Defendants Selvius and McKnight.

**IV.   Discussion**

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**A.   Counts One and Two**

The use of excessive force by police officers in the course of an arrest can violate the arrestee's **Fourth Amendment** right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of S.F.*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).

Liberally construed, Plaintiff has stated a Fourth Amendment excessive force claim against Defendants Selvius and McKnight in Count One. The Court will require Defendants Selvius and McKnight to answer Count One. Because Count Two raises the same claim against the same Defendants, the Court will dismiss it as duplicative.

**B.   Count Three**

To state a valid claim under § 1983, plaintiffs must allege they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a

TERMPSREF

- 4 -

defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged Defendant Current Police Chief personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.

In addition, to state a claim based on a failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was the particular training inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))). A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

Plaintiff has failed to make any allegations regarding the training Defendant Current Police Chief provided, how that training was inadequate, or how those inadequacies led to Plaintiff's injuries. Plaintiff's allegations are too vague and conclusory to state a failure-to-train claim against Defendant Current Police Chief. Thus, the Court will dismiss without prejudice Count Three and Defendant Current Police Chief.

. . . .

## V. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $21.01.

TERMPSREF

(3) Counts Two and Three and Defendant Current Police Chief are **dismissed** without prejudice.

(4) If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(5) Defendants Selvius and McKnight must answer the Fourth Amendment excessive force claim in Count One.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Selvius and McKnight.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(11) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within**

**30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(12) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13) Defendants Selvius and McKnight must answer the relevant portion of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

(15)  This matter is referred to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 15th day of April, 2025.

_____
James A. Teilborg
Senior United States District Judge